Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1616 | **DATE** | 3/8/2002 |
| **CASE TITLE** | Robert L. Walker vs. James Page, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Walker is granted leave to proceed without prepayment of the entire $150 filing fee. (3-1) Accordingly, both the Complaint and this action must be and are dismissed pursuant to the mandate of 42 U.S.C. 1997(e)(a). That moots Walker's motion for anointment of counsel. If does not, however, excuse Walker's obligations to pay the $150 filing fee on an installment basis and to comply with the earlier portion of this memorandum order that requires him to furnish additional trust fund account information.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2002 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/8/2002 | |
| | | 02 MAR 13 PM 12: 55 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT L. WALKER #N-60946, )
)
        Plaintiff, )
)
v. ) No. 02 C 1616
)
JAMES PAGE, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Robert Walker ("Walker") has just tendered a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against eight present and former members of the staff at Stateville Correctional Center ("Stateville"), where Walker had been in custody (he is now a prisoner at Pontiac Correctional Center ("Pontiac")). Walker's filling out of the Complaint form provided by this District Court's Clerk's Office appears to set out a potentially viable Section 1983 claim, but one of his exhibits defeats his ability to pursue that possible claim at this point.

Before this Court examines that issue, though, another threshold problem is posed by his contemporaneously-submitted Application To Proceed Without Prepayment of Fees ("Application"). In attempted conformity with the provisions of 28 U.S.C. §1915 ("Section 1915"), Walker has obtained some printouts that report transactions in his trust fund account at both Stateville and Pontiac. But the difficulty there is that those printouts leave a gap between October 26, 2001 (when the

balance in his account at Stateville was $46.74) and February 5, 2002 (when the Pontiac printout reports an intake from Stateville at a time when the account balance was down to $.03).

That being the case, Walker is granted leave to proceed without prepayment of the entire $150 filing fee (Section 1915(b)(1)), but this Court cannot calculate the amount he must provide as the initial partial payment toward that $150 figure (which he is obligated to pay in installments--see Section 1915(b)(1)and (b)(2)). Walker is ordered to obtain and then promptly to submit the printout or printouts covering the gap period.[1]

Another few words should be said about Walker's handwritten Motion for Appointment of Counsel ("Motion"), which he seeks to support with a handwritten memorandum that cites to a 1991 Eighth Circuit opinion.[2] What Walker has not provided is the required

---

[1] If Walker fails to comply with this directive, he will be allowed no opportunity to litigate actively in this or any other federal action during the period of his continued delinquency.

[2] If any evidence were required as to the existence of a legal grapevine and jailhouse lawyers within our country's prison systems, it has been provided here. Only yesterday this Court dealt with a 28 U.S.C. §2255 motion by a federal prisoner who attached the identical legal memorandum in support of his like request. This is the first illustration that this Court has encountered over two decades that confirms not only an interstate but an intersystem network of information available to the prison population. In any event, as this Court also advised the prisoner litigant in that other case, the more appropriate source of authority on the subject in this Circuit is Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).

2

showing of all efforts he has made to obtain counsel on his own (to that end, copies of the form of Motion provided by the Clerk's Office are enclosed with a copy of this memorandum order, so that if and when Walker returns to court he can again seek to obtain pro bono counsel to assist him).

Finally, as to the substance of Walker's claims, they cannot be addressed at this time because of his failure to satisfy the precondition established by 42 U.S.C. §1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Although Complaint ¶III claims that the institution's grievance procedure was not only pursued but was completed (for which purpose Walker says his complaints were "Knowledgely and intentionally disregarded"), Complaint Ex. D (photocopy attached) directly refutes that: It closes by encouraging Walker "to utilize the established institutional grievance procedure," and Walker's narrative in the Complaint says nothing about his having taken any such steps after receiving that September 27, 2001 memorandum from Stateville Warden Kenneth Briley.

Accordingly, both the Complaint and this action must be and are dismissed pursuant to the mandate of 42 U.S.C. §1997(e)(a). That moots Walker's motion for the appointment of counsel. It does not, however, excuse Walker's obligations (1) to pay the

3

$150 filing fee on an installment basis and relatedly (2) to comply with the earlier portion of this memorandum order that requires him to furnish the additional trust fund account printout, so that this Court can make the necessary calculations in that respect.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: March 8, 2002

4